UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JANE WHIPPLE                               :    Civil Action
                                           :
                       Plaintiff,          :
                                           :
       v.                                  :    **COMPLAINT**
                                           :
MERCK & CO., INC.                          :
                                           :    **JURY TRIAL DEMAND**
                                           :
                       Defendant,          :
                                           :
------------------------------------------------------------x

Plaintiff, Jane Whipple ("Whipple"), files this civil action against Defendant, Merck & Co., Inc. ("Merck") as follows:

### PARTIES

1.   Jane Whipple is a citizen and resident of the State of Minnesota, residing in Minnetonka, Minnesota.

2.   At all times herein mentioned, Merck was and is a Delaware corporation, with its principal place of business at One Merck Drive, Post Office Box 100, Whitehouse Station, New Jersey 08889-0100.

### JURISDICTION

3.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and Whipple is a citizen of a State which is different from the State where Merck is incorporated and has its principal place of business.

## FACTUAL BACKGROUND

4. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

5. Fosamax is the brand name of Alendronate Sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is administered orally.

6. The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning and/or an inadequate warning about osteonecrosis of the jaw or other bone structure.

7. Jane Whipple was prescribed and she took Fosamax.

8. As a result of taken Fosamax, Jane Whipple developed osteonecrosis of the jaw.

9. As a result of taking Fosamax, Jane Whipple suffered compensable injuries, including but not limited to the following:

   a. severe and permanent physical and medical injuries and associated disabilities;

   b. severe pain and suffering;

   c. severe mental anguish; and

   d. loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF

[Strict Product Liability - Design Defect]

10. Whipple incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth herein full.

11. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

12. Fosamax as designed, manufactured and sold by Merck was defective in design or formulation in that it was unreasonably dangerous.

13. Fosamax as designed, manufactured and sold by Merck was defective in design or formation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

14. Fosamax as designed, manufactured and sold by Merck was defective due to inadequate warnings because Merck knew or should have known that the product created a risk of harm to consumers.

15. Fosamax as designed, manufactured and sold by Merck was defective due to inadequate testing.

16. As the proximate cause and result of the defective condition of Fosamax as designed, manufactured and sold by Merck, Jane Whipple was injured.

## SECOND CLAIM FOR RELIEF

[Strict Product Liability - Failure to Warn]

17. Whipple incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth herein full.

18. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

19. Fosamax as designed, manufactured and sold by Merck was not accompanied by proper warnings regarding possible adverse side effects.

20. Merck knew or should have known about the possible adverse side effects of Fosamax, including osteonecrosis of the jaw.

21. As the proximate cause and result of Merck's failure to properly warn physicians and consumers, Jane Whipple was injured.

### THIRD CLAIM FOR RELIEF

[Negligence]

22. Whipple incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth herein full.

23. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

24. Merck had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax, including a duty to assure that users, like Jane Whipple, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

25. Merck failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax in that Merck knew or should have known that Fosamax created an unreasonable risk of osteonecrosis of the jaw.

26. Merck was negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax.

27. As the proximate cause and result of Merck negligence, Jane Whipple was injured.

### FOURTH CLAIM FOR RELIEF

[Breach of Express Warranty]

28. Whipple incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth herein full.

29. Merck expressly warranted, by and through statements made by Merck or its authorized agents, that Fosamax was safe, effective, and fit for its intended use.

30. Whipple, and her health care providers, relied on the skill, judgment and representatives of Merck.

31. Fosamax did not conform to Merck's express warranties in that it was not safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

32. As the proximate cause and result of Merck's breach of its express warranties, Jane Whipple was injured.

## FIFTH CLAIM FOR RELIEF

[Breach of Implied Warranty]

33. Whipple incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth herein full.

34. Merck impliedly warranted to Jane Whipple, and her health care providers, that Fosamax was of merchantable quality and was safe and fit for its intended use.

35. Jane Whipple, and her health care providers, relied on Merck's skill and judgment.

36. Fosamax was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

37. As the proximate cause and result of Merck's breach of its implied warranties, Jane Whipple was injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jane Whipple, respectfully prays for relief and judgment against the Defendant, Merck & Co., Inc., as follows:

a. compensatory damages in an amount to be determined at trial;

b. attorneys' fees, expenses and costs of this action; and

c. for any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff, Jane Whipple, respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

PITTMAN GERMANY ROBERTS & WELSH, L.L.P.

BY: _____
Robert G. Germany, MSB #4800
PITTMAN, GERMANY, ROBERT & WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601-948-6200
Facsimile: 601-948-6187